IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

| | |
|---|---|
| HEAVENLY BRANDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:22 CV 70 |
| ) | |
| The City of EAST CHICAGO, Indiana, a ) | Judge |
| municipal corporation, East Chicago Police ) | |
| Officer GUSTAVO GARCIA, and other ) | Magistrate Judge |
| UNIDENTIFIED EAST CHICAGO POLICE ) | |
| OFFICERS, ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, HEAVENLY BRANDY, by and through her attorneys, the HAMILTON LAW OFFICE, LLC, makes the following complaint against Defendant City of EAST CHICAGO ("Defendant CITY"), East Chicago Police Officer GUSTAVO GARCIA ("Defendant GARCIA"), and other UNIDENTIFIED EAST CHICAGO POLICE OFFICERS ("UNIDENTIFIED OFFICERS"):

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution as well as rights protected by Indiana common law.

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4. Plaintiff HEAVENLY BRANDY is 22 years old and at all relevant times was a resident of East, Chicago, Indiana.

1

5. At all relevant times, Defendant GARCIA and the UNIDENTIFIED OFFICERS are or were East Chicago Police officers employed by Defendant CITY acting under color of law and within the scope of their employment.

6. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Indiana, and at all relevant times was the employer and principal of all the Defendant OFFICERS. Should Plaintiff prevail on her claims, Defendant CITY is liable to Plaintiff as the principal on her state law claims pursuant to the doctrine of *respondeat superior*, and must indemnify Defendant OFFICERS on her federal claims pursuant to Ind. Code § 34-13-4-1.

**FACTS**

7. The following paragraphs 8 through 28 are alleged to have occurred on the morning of August 11, 2021, between approximately 8:30 and 9:00 a.m. This date and approximate time should be considered incorporated into each alleged paragraph.

8. On the morning of August 11, 2021, Charles Winston picked Plaintiff up at her mother's home in order to drive Plaintiff to work.

9. After picking her up, Winston and Plaintiff travelled northbound on Indianapolis Boulevard towards the intersection of Indianapolis Boulevard and Chicago Avenue.

10. The intersection of Indianapolis Boulevard and Chicago Avenue is only three blocks from Plaintiff's mother's home.

11. As they approached the intersection of Indianapolis Boulevard and Chicago Avenue, an East Chicago police car driving behind them flashed its emergency lights.

12. Plaintiff did not observe Winston commit any traffic violations before the East Chicago police vehicle flashed its lights.

13. Suddenly, a second East Chicago police vehicle containing Defendant GARCIA and an UNIDENTIFIED OFFICER drove directly towards Winston's car from the front, colliding with them on the passenger side where Plaintiff was seated.
14. Momentarily, the two vehicles were stuck together where they had collided.
15. One or more of the Defendant OFFICERS got out of their police vehicles.
16. Plaintiff immediately put her hands in the air.
17. One or more of Defendant OFFICERS began shooting towards Winston's car while Plaintiff and Winston were still inside.
18. Plaintiff was unarmed.
19. Winston was unarmed.
20. Defendant OFFICERS had no reason to believe that Plaintiff was armed.
21. Defendant OFFICERS had no reason to believe that Winston was armed.
22. Plaintiff did not do anything to justify one or more of the Defendant OFFICERS shooting at her.
23. WINSTON did not do anything to justify one or more of the Defendant OFFICERS shooting at him.
24. Plaintiff did not do anything illegal on August 11, 2021.
25. Defendant OFFICERS had no reason to believe Plaintiff had done something illegal on August 11, 2021.
26. One or more of the Defendant OFFICERS shot Plaintiff multiple times.
27. Plaintiff was taken by ambulance to a hospital for her gunshot wounds.
28. Winston was also taken to a hospital with gunshot wounds.
29. Winston was not charged with any crime.
30. Plaintiff was not charged with any crime.

31. One of the Defendant OFFICER's bullets traveled through Plaintiff's hip and lodged in her liver causing damage to her liver and internal bleeding.

32. Plaintiff suffered severe emotional distress and physical pain as a result of being shot.

### COUNT I
(42 U.S.C. §1983 – Excessive Force)

33. Each of the foregoing paragraphs is incorporated as if fully restated here.

34. As described above, the intentional conduct of one or more of the Defendant OFFICERS in ramming the vehicle in which Plaintiff was riding and then shooting at Plaintiff was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

35. As a direct and proximate result of this excessive force, Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate her for her damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

### COUNT II
(42 U.S.C. §1983 – Failure to Intervene)

36. Each of the foregoing paragraphs is incorporated as if fully restated here.

37. As described above, the intentional conduct of one or more of the Defendant OFFICERS in ramming the vehicle in which Plaintiff was riding and in shooting at Plaintiff was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

38. One or more of the Defendant OFFICERS were aware of the misconduct of their fellow officer(s), had a reasonable opportunity to intervene to prevent harm to Plaintiff, but failed to do so.

39. As a direct and proximate result of this failure to intervene, Plaintiff suffered damages, which will be proven at trial.

   **WHEREFORE,** Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate her for her damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT III
(Indiana Common Law – Assault)

40. Each of the foregoing paragraphs is incorporated as if fully restated here.

41. As described above, one or more of the Defendant East Chicago police officers knowingly or intentionally rammed the police vehicle he was driving into the vehicle in which Plaintiff was riding and/or pointed a gun in Plaintiff's direction and/or fired a gun towards a vehicle while Plaintiff was inside.

42. As a direct and proximate result of the conduct described in the preceding paragraph caused Plaintiff to suffer a reasonable apprehension of receiving a battery and significant emotional distress.

   **WHEREFORE,** Plaintiff prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate her for her damages and such other relief as is just and equitable.

## COUNT IV
(Indiana Common Law – Battery)

43. Each of the foregoing paragraphs is incorporated as if fully restated here.

44. As described above, one or more of the Defendant East Chicago police officers, intending to cause a harmful contact with either Plaintiff and/or Winston, knowingly or intentionally and without legal justification caused a harmful contact with Plaintiff by shooting her.

5

45. As a direct and proximate result of the Defendant OFFICERS' conduct in shooting her, Plaintiff has suffered serious physical and mental pain and suffering, and other damages that will be proven at trial.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate her for her damages and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

HEAVENLY BRANDY, Plaintiff,

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 620
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com