**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

HEAVENLY BRANDY,                               )
                                              )
      Plaintiff,                          )
                                              )
  v.                                          )          Cause No. 2:22-CV-70-PPS
                                              )
                                              )
THE CITY OF EAST CHICAGO, *et al.*,           )
                                              )
      Defendants.                        )

## <u>OPINION AND ORDER</u>

This case concerns the shooting of Heavenly Brandy by an officer of the East Chicago Police Department. Plaintiff Brandy designated Dr. Charles Walker Drago as a rebuttal expert and incorporated his report into her response to Defendants' Motions for Summary Judgment [DE 128]. Defendant City of East Chicago has moved to bar Dr. Drago's opinions at trial. [DE 132.]

East Chicago filed its motion on February 27, 2026. Under Northern District of Indiana Local Rule 7-1(d)(3)(A), Brandy had 14 days to respond. She never filed a response and never sought an extension of time to do so. That alone permits me to grant the motion summarily. N.D. Ind. L.R. 7-1(d)(5).

The substance of Dr. Drago's report points me in the same direction. His report measures the officers' conduct against East Chicago Police Department policy, model standards, and a commercial training text. His stated method in the report is "comparing the actions of the officers with accepted practice and training in the law enforcement

1

profession." [DE 132-1 at 3.] These materials do not answer the bottom-line question this case presents—whether Officer Garcia used excessive force in violation of the Fourth Amendment. That inquiry is a one of objective reasonableness under *Graham v. Connor*, 490 U.S. 386 (1989). Departmental policies and practices and aspirational standards are immaterial to whether Officer Garcia's actions were objectively reasonable. *See Legg v. Pappas*, 383 F. App'x 547, 550 (7th Cir. 2010); *Thompson v. City of Chicago,* 472 F.3d 444, 455 (7th Cir. 2006).

Drago's opinion might have been  relevant had Brandy asserted a claim under *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978), but she did not. Her complaint pleads no policy-or-practice claim against East Chicago. [*See* DE 1.]

For the reasons above, Defendant City of East Chicago's motion [DE 132] is **GRANTED**.

SO ORDERED

ENTERED: July 29, 2026

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

2